# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR23-5144 DGE |
| Plaintiff, | |
| v. | **DEFENDANT'S BENCH MEMORANDUM RE: PROBABLE CAUSE FOR A SEARCH WARRANT** |
| BRYANT MCCULLOUGH, | |
| Defendant. | |

All references to an "Application" in this memo apply to the 41 page Application, signed by Det. Jimmy Welsh, on 3.10.23, for the search of Defendant McCullough's residence. This is to the exclusion of the 38 page Application and Warrant, signed 3.27.23, to search the iPhone seized during the 3.10.23 search, said search being ancillary to the 3.10.23 warrant.

1. The first 28 pages of the 41 page Application, are pure boilerplate, having nothing to do with the specifics of the instant case. Reference Application pages 1-28, Bates, pp. 207-234. The final 5 pages of the Application, beginning with page 37 of 41, line 22, (Bates page 243) through page 41 of 41, Bates page 247, deal solely with the "Place" to be searched, and the "Items" to be seized, and the "Scope" of the search.

2. As a result, there is no case specific data, allowing a magistrate to form PROBABLE CAUSE, in Application pages 1-28/Bates pages 207-234, and in Application pp. 37 (beginning line 22) -41/Bates pages 243-247.

DEFENDANT'S BENCH MEMORANDUM
RE: PROBABLE CAUSE FOR A SEARCH WARRANT - 1

**BRYAN G. HERSHMAN**
Attorney at Law
1105 Tacoma Avenue South
Tacoma, Washington 98402
Phone (253) 383-5346

1    3. This means that, of the 41 pages of the Application, 32 ½ pages are BOILERPLATE. A summary of these 32 ½ pages is attached to this memo, as Appendix A. The boilerplate references made by Affiant/Det. Welsh included multiple references to Remote Computing Servers and Services, File Transfer Protocols, The National Center for Missing and Exploited Children, etc. These boilerplate comments have NOTHING to do with the investigation in this case. Reference Application, p. 2-27, & 38-41. These topics are mere boilerplate recitations present in any Internet Crime Against Children Search warrant Application. It is anticipated that these are nothing more than a macro on Det. Welsh's computer, that he incorporates this boilerplate into every same/similar Application he submits in same/similar investigations.

4. This leaves Application pages 28 of 41, through page 37 of 41 (ending with line 20)/Bates pages 234-243, to form any factual basis to form PROBABLE CAUSE. Specifically, this leaves 9 ½ pages of substance on which to form PROBABLE CAUSE.

5. A detailed summary of these 9 ½ pages is addressed in Appendix B, attached to this memorandum.

6. The Fourth Amendment states, "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. The Fourth Amendment further provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." *Id*.

7. Pursuant to Rule 41 of the Federal Rules of Criminal Procedure, "[a]fter receiving an affidavit or other information, a magistrate judge ... must issue the warrant if there is probable cause to search for and seize a person or property ...." Fed. R. Crim. P. 41(d). "[T]he role of the magistrate is to determine whether, 'given all the circumstances set forth in the affidavit ... there is a fair probability that contraband or evidence of a crime will be found

in a particular place.' " *Greenstreet v. Cnty. of San Bernardino*, 41 F.3d 1306, 1309 (9th Cir. 1994) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

8. The facts presented to the magistrate judge "must be sufficient to justify a conclusion that the property which is the object of the search is probably on the premises to be searched at the time the warrant is issued." *United States v. Greany*, 929 F.2d 523, 524–25 (9th Cir. 1991). The magistrate judge's probable cause determination is entitled to deference by reviewing courts whose duty "**is simply to ensure that the magistrate had 'a substantial basis for concluding' that probable cause existed**." *Gates*, 462 U.S. at 238–39 (citation and alteration omitted); *see also United States v. Kia*, 170 F. App'x 457, 459 (9th Cir. 2006) ("A magistrate judge's finding of probable cause to support a search warrant is entitled to great deference.").

9. The Ninth Circuit has recognized that, "[i]n order for a search to be reasonable, the warrant must be specific," and has observed that "[s]pecificity has two aspects: ***particularity and breadth***." *In re Grand Jury Subpoenas Dated Dec. 10, 1987*, 926 F.2d 847, 856 (9th Cir. 1991). "Particularity is the requirement that the warrant must clearly state what is sought," id., and "[t]he description must be specific enough to enable the person conducting the search reasonably to identify the things authorized to be seized," *United States v. Spilotro*, 800 F.2d 959, 963 (9th Cir. 1986). "***Breadth deals with the requirement that the scope of the warrant be limited by the probable cause on which the warrant is based***," i.e., by "requir[ing] that there be probable cause to seize the particular thing named in the warrant." *In re Grand Jury Subpoenas*, 926 F.2d at 857. These requirements taken together "***prevent[ ] a 'general, exploratory rummaging in a person's belongings.'*** " *Id*. (quoting *Andresen v. Maryland*, 427 U.S. 463, 480 (1976)).

> ***Sufficient information must be presented to the magistrate to allow that official to determine PC, his actions cannot be a mere ratification of the bare conclusions of others. In order to ensure that***

DEFENDANT'S BENCH MEMORANDUM
RE: PROBABLE CAUSE FOR A SEARCH WARRANT - 3

**BRYAN G. HERSHMAN**
Attorney at Law
1105 Tacoma Avenue South
Tacoma, Washington 98402
Phone (253) 383-5346

> *such an abdication of the magistrates duty does not occur, courts must continue to conscientiously review the sufficiency of affidavits on Which warrants are issued*.

*Illinois v. Gates*, 462 U.S. 213, 239, 103 S.Ct. 2317, 76 L.Ed.2d 527(1983).

10. *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), sets the standard of review of a magistrate's probable cause determination. Reviewing courts must ensure that the magistrate had a "substantial basis" for finding probable cause. *Id*. at 238, 103 S.Ct. at 2332; *United States v. Seybold*, 726 F.2d 502, 503 (9th Cir.1984).

**Generalized statements regarding groups of people and boilerplate assertions do not support probable cause when probable cause would depend on too many inferences where each inference alone may be reasonable but**,

> *with each succeeding inference, the last reached is less and less likely to be true. Virtual certainty becomes probability, which merges into possibility, which fades into chance. The fourth amendment requires a "fair probability" that the items searched for will be found*."

*United States v. Weber*, 923 F.2d 1338, 1345 (9th Cir. 1990).

Respectfully submitted by:
Bryan G. Hershman Law Office

Bryan Hershman, WSBA# 14380
Attorney for Defendant McCullough

DEFENDANT'S BENCH MEMORANDUM
RE: PROBABLE CAUSE FOR A SEARCH WARRANT - 4

BRYAN G. HERSHMAN
Attorney at Law
1105 Tacoma Avenue South
Tacoma, Washington 98402
Phone (253) 383-5346

**APPENDIX A: SUMMARY OF 32 ½ PAGES OF BOILERPLATE:**

**Application, p. 2,** deals with the training and experience of the Affiant.

**Application, p. 3,** deals with the definitions of "chat" and "child erotica".

**Application, p. 4,** deals with definitions of computers and cloud services and computer hardware.

**Application, p. 5**, deals with definitions of passwords and data security devices and file transfer protocols.

**Application, p. 6,** deals with definitions of remote computing services, mobile applications, and background information on adults with sexual interest in minors. Application, p. 7, deals with the internet allowing computers to connect with other computers, and the internet allowing users to connect with other users with similar interests.

**Application, p. 8,** deals with email accounts and use of email accounts to retrieve and store depictions of minors engaged in sexually explicit conduct.

**Application, p. 9,** deals with IP address information and definitions.

**Application, p. 10**, deals with internet service providers, and complaints about illegal depictions.

**Application, p. 11,** deals with hash values.

**Application, p. 12,** deals with NCMEC/National Center of Missing and Exploited Children.

**Application, p. 13,** deals with NCMEC's mission, and CyberTipLine.

**Application, p. 14,** deals with internet crimes against child task force.

**Application, p. 15,** deals with characteristics of those who possess depictions of minors.

**Application, p. 16,** deals with how offenders obfuscate data.

**Application, p. 17,** deals with how the internet offers offenders venues to trade

DEFENDANT'S BENCH MEMORANDUM
RE: PROBABLE CAUSE FOR A SEARCH WARRANT - 5

**BRYAN G. HERSHMAN**
Attorney at Law
1105 Tacoma Avenue South
Tacoma, Washington 98402
Phone (253) 383-5346

illegal depictions.

**Application, p. 18,** deals with how cell phones can access the internet

**Application, p. 19,** deals with Welsh's BELIEF that if digital devices are found on McCullough, there's PC to believe items set forth will be stored in those devices.

**Application, p. 20,** deals with how forensic investigators must search everything on a computer.

**Application, p. 21,** deals with how McCullough "may be" a collector of illegal depictions.

**Application, p. 22**, deals with search techniques for forensic analysis, that will be used by law enforcement.

**Application, p. 23**, deals with the scope of the search of devices recovered, during the execution of the search warrant.

**Application, p. 24**, deals with biometric unlocking definitions.

**Application, p. 25**, deals with reasons to authorize biometric passwords, unknown to law enforcement.

**Application, p. 26**, deals with definitions of face ID, iris recognition and fingerprint ID.

**Application, p. 27,** deals with Snapchat background and definitions.

**Application, p. 28,** deals with Snapchat retention policies.

**Application, p. 38-41,** deals with places to be searched and items to be seized.

**These sections assume that there is PC to issue the warrant.**

**Application, p. 29-37**, deals with the scope and course of the investigation.

DEFENDANT'S BENCH MEMORANDUM
RE: PROBABLE CAUSE FOR A SEARCH WARRANT - 6

**BRYAN G. HERSHMAN**
Attorney at Law
1105 Tacoma Avenue South
Tacoma, Washington 98402
Phone (253) 383-5346

**APPENDIX B; ANALYSIS OF THE 9 ½ PAGES OF SUBSTANTIVE FACTS ALLOWING A COURT TO DETERMINE PROBABLE CAUSE**

**Application page 28** deals with the end of the Snapchat boiler plate, and, on **line 17**, begins a description of Det. Welsh's investigation. The description of the investigation is contained on **pages 28-37**, and the description of the investigation **ends on line 20, of page 37,** Bates 243.

**Application page 28,** describes how the previously mentioned Snapchat picture of McCullough (containing the repulsive message) was initially found, i.e., reference the initial report to of Chelsea Wilson to Officer Nakano, on 2.16.23.

**Application page 29** described how the motocross community was concerned about the referenced picture, and McCullough's involvement with the kids in the motocross community. Beginning line 17, Det. Welsh describes setting an interview with Chelsea Wilson, and Chelsea Wilson's description of how McCullough became involved in the motocross community.

Throughout the entirety of **Application pages 28 and 29**, there is no information that is provided on which a magistrate could evaluate the existence of PROBABLE CAUSE, i.e., only historical data of the investigation is provided.

**Application page 30**, begins with information detailing how McCullough traveled out of State with the motocross members, and the issue of McCullough buying Ethica underwear for the riders. Beginning line 7, of page 30, Welsh describes how Melissa Compton confronted McCullough about the subject Snapchat picture, and how McCullough played it off as a joke. Curiously, Welsh received this information from Chelsea Wilson, and did not speak with Ms. Compton, however, this was left out of the Application. Names of potential witnesses are mentioned, confirmation of McCullough's identity is clarified, and Welsh's description of his initial contact with MV1 is outlined. On page 30, it is established

DEFENDANT'S BENCH MEMORANDUM
RE: PROBABLE CAUSE FOR A SEARCH WARRANT - 7

**BRYAN G. HERSHMAN**
Attorney at Law
1105 Tacoma Avenue South
Tacoma, Washington 98402
Phone (253) 383-5346

that MV1 claims to have received the subject Snapchat photograph. Again, no basis for PC to search McCullough's residence is offered on this page.

**Application page 31**, McCullough's involvement with the motocross community is explained, and how McCullough uses Snapchat to communicate with the community. Det. Welch described how he viewed the subject Snapchat photograph, and a screen shot of a chat that reads, "did you take a ss (screen shot) of that shit or sum." From this, Welsh opines that McCullough received the subject Snapchat photo. Page 31 ends with Welsh's description of telephonically contacting Brittany Ferguson. Again, this page contains no basis for PC.

**Application page 32,** begins Ms. Ferguson's description of how McCullough drove her son to South Carolina, and an allegation that McCullough inappropriately touched her son/MV2. (This is the subject of the State prosecution). Beginning line 19, this page recites information about McCullough's driver's license. The page ends with an old report dealing with an allegation against McCullough. This description spills on to Application page 33.

**Application page 33**, beginning line 3, it describes Angela Bassett's contact with law enforcement, about the infamous/subject 3 second video, allegedly taken of her daughter/DJ having sex with MV3. The defense acknowledges that this is case specific data that could be Page 4 of 8 used for PC, ***however***, as previously established, this information is **false**. At the end of the page, beginning line 25, it describes Ashley and MV3 coming to TPD for the videotaped interview previously mentioned in this Application. Whereas, this portion of the Application could be used by a reviewing magistrate, to establish PROBABLE CAUSE, however, this subject information is false, and is the subject of this *Franks* hearing. Specifically, the audio-taped statements dramatically controvert what is in the Application. Though the Application on its face could be viewed as supporting PROBABLE CAUSE, the actual content of the audio speaks directly to the contrary, as previously explained.

**In the Application, p. 34**, continues with the (false) explanation of the MV3

DEFENDANT'S BENCH MEMORANDUM
RE: PROBABLE CAUSE FOR A SEARCH WARRANT - 8

**BRYAN G. HERSHMAN**
Attorney at Law
1105 Tacoma Avenue South
Tacoma, Washington 98402
Phone (253) 383-5346

interview.

**Application page 35,** continues with the MV3 interview, and deals with the topic of MV3 smoking marijuana at McCullough's house.

**On page 35, of the Application, beginning line 20, and continuing onto page 36,** there is a description of Welsh contacting Jennifer Hutchinson. It describes McCullough's initial involvement in the motocross community, McCullough's giving of gifts, and McCullough sending photographs via cell phone. Jennifer Hutchinson's statements spill onto **page 36 of the Application.**

**Beginning line 25, of Application page 36,** Welsh describes his interview of BD/Brody Dobbs. Dobbs claimed that McCullough asked for a picture of Brody's penis in exchange for a care package.

**Application page 37, beginning line 4**, deals with Welsh's contact with MV4. This section merely elicits MV4's description of the location of McCullough's residence, and Welsh's surveillance of the residence. Beginning line 15, there is description of a 911 call, regarding a fire, relevant to confirming McCullough's residence.

**Application page 37, beginning line 22,** additional boilerplate begins, with said boilerplate continuing through page 41.  Of significance, the Application expressly states, on line 22:

> **In light of the suspect being in receipt of a video depicting minors engaged in sexually explicit conduct and having distributed the same depiction** as well as having solicited a minor child for depictions of minors engaged in sexually explicit conduct, there is probable cause to believe the suspect has possessed and distributed depictions of minors engaged in sexually explicit conduct in his Shapchat account and that once identified, his devices and/or media will contain depictions of minors engaged in sexually explicit conduct files or indicia of prior possession or viewing will be discoverable upon forensic analysis of his devices.

*Id.*, at Application, p. 37 of 41, lines 22-27, Bates page 243. (Our emphasis). **Accordingly,**

DEFENDANT'S BENCH MEMORANDUM
RE: PROBABLE CAUSE FOR A SEARCH WARRANT - 9

BRYAN G. HERSHMAN
Attorney at Law
1105 Tacoma Avenue South
Tacoma, Washington 98402
Phone (253) 383-5346

**Det. Welsh basis this warrant on evidence that does not exist, i.e., a video depicting minors engaged in sexually explicit conduc**t. *Id*. The balance of the above-listed passage, referencing the client soliciting a minor for depictions, does not approach PROBABLE CAUSE to search the residence of McCullough. Had this latter issue been a basis, facts would have been needed to be set forth in the Application, showing a *nexus* between the residence and this alleged solicitation. No such facts were set forth in the Application.

**The balance of the analysis of this Application,** will take place in the ancillary pleadings, however, it is equally loaded with boilerplate, or in no way provides PC.

DEFENDANT'S BENCH MEMORANDUM
RE: PROBABLE CAUSE FOR A SEARCH WARRANT - 10

BRYAN G. HERSHMAN
Attorney at Law
1105 Tacoma Avenue South
Tacoma, Washington 98402
Phone (253) 383-5346