The Honorable David G. Estudillo

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br><br>BRYANT KEITH MCCULLOUGH,<br>Defendant. | NO. CR23-5144 DGE<br><br>ORDER TO CONTINUE TRIAL DATE |

This matter comes before the Court following the Court's having notified the parties (Dkt. No. 128) of the lack of sufficient juror availability for, and a pending motion from the defense to continue (Dkt. No. 107), the current trial date of August 31, 2026.

The parties appeared before the Court on August 19, 2026, and the Court advised the parties that the Clerk's office has informed the Court that the available venire would be insufficient to reasonably assure the selection of a jury for trial on August 31, 2026. The Court's concerns on this point are further exacerbated given the subject matter of the case—child exploitation—and the fact that the trial presentation will include sensitive evidence and testimony about difficult subject matter, which will likely result in a greater number of for cause challenges and hardship exclusions for prospective jurors. The Court

has concluded that in light of the unique considerations in this case and the limited jury venire available for an August 31 trial, the parties are likely to be faced with the choice of forgoing legitimate challenges to potential jurors or risk having an insufficient number of jurors to proceed to trial.

Given the Court's conclusion that the current trial date is not viable, the defense does not oppose continuing the trial date and is in fact seeking a continuance. *See* Dkt. Nos. 107, 108. The government expressed the victim's desire to bring this case to a close and urged the Court select a realistic trial date that will see the case concluded as expeditiously as reasonably possible.

After conferring with the parties about their availability for trial and the Court's schedule, the parties agreed that November 16, 2026, would be the earliest realistic trial date given counsel's personal and professional commitments. Defense counsel indicated that his trial schedule in state court, combined with a long-planned trip precluded his starting trial any earlier than October 12. Government counsel noted that AUSA Silvio is scheduled to begin an approximately 6-day trial on October 5. AUSA Hampton noted he is scheduled for an oral argument before the Ninth Circuit in Seattle on October 28 and will be out of the state from November 9 through November 13. The Court has determined that these commitments cannot reasonably be adjusted and agrees that November 16, 2026, is a reasonable trial date given the personal and professional commitments of counsel for both parties.

Continuity of counsel is particularly important in this difficult case. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). The parties' counsel have developed special knowledge about sensitive and voluminous evidence during the years they have spent investigating and litigating this case, making substitution of counsel at this point unworkable. To assign new counsel would likely require the victims to undergo additional trial preparation that may inflict emotional trauma. Preserving current counsel will reduce the burdens on counsel and on the victims.

In addition to continuity of counsel, there are pending motions before the Court that could substantially impact the trial and that further justify the continuance. First, there is the defense motion seeking reconsideration of the Court's denial of the defendant's motion to suppress. While the briefing is complete on that motion and the Court indicated to the parties that it is likely to deny it, the factual record the Court must review is substantial. Notwithstanding the Court's preliminary view, the length of the continuance will ensure adequate time for the Court to complete its review of the voluminous record and if necessary, seek clarification from the parties or conduct a hearing. Second, there are the government's pending motions *in limine*, to which the defense has not yet responded. The Court has extended the defense response deadline to September 30, 2026, and will direct the government to file any reply by October 7. The new trial schedule will thus ensure adequate time for the Court to review and rule on these motions and for the parties to make any adjustments to their trial presentation.

Finally, the "unusual" "nature of the prosecution" supports the continuance. 18 U.S.C. § 3161(h)(7)(B)(iii). The government intends to call two minor victims at trial to testify about their alleged sexual exploitation. Given the sensitive nature of the testimony that the government intends to elicit at trial, the victims and the parties will benefit from having adequate time to prepare for trial in response to the Court's rulings on the pending motions.

Accordingly, and given the facts and circumstances stated herein and on the record at the August 19, 2026, hearing, THE COURT FINDS as follows:

1. The number of jurors who will be available to serve in the venire on August 31, 2026, is insufficient to permit the parties a full and fair opportunity to select a jury.
2. November 16, 2026, is the earliest date on which counsel for the parties would be reasonably available for trial given their personal and professional commitments.

3. Failing to grant a continuance to this date would deny both parties continuity of counsel, which is especially important in this case.
4. Failing to grant this continuance would also deny counsel for the parties the reasonable time necessary to complete effective preparation, taking into account the exercise of due diligence, the sensitive nature of the prosecution, and the impact the Court's resolution of pending motions may have on the parties' preparation for trial.
5. As a result, the failure to grant a continuance of the trial date in this case would likely result in a miscarriage of justice. Pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by continuing the trial in this case outweigh the best interest of the public and the defendant in a speedy trial.

IT IS THEREFORE ORDERED that the trial in this case shall be set for November 16, 2026. The pretrial conference is set for October 30, 2026 at 9:00 am. The pretrial motion cutoff has passed, and no new deadline will be set.

IT IS FURTHER ORDERED that the period of delay from the date of this Order to the new trial date shall be excludable time pursuant to 18 U.S.C. § 3161.

IT IS FURTHER ORDERED that the Defendant's response to the government's motions *in limine* (Dkt. No. 118) is due September 30, 2026, and the government's optional reply is due October 7, 2026.

The Court also sets the following deadlines for the parties' pretrial filings:

| | |
|---|---|
| Defendant's motions *in limine:* | 09/30/2026 |
| Defendant's optional reply in support of motions *in limine*: | 10/07/2026 |
| Defendant's Proposed Voir Dire: | 09/30/2026 |
| Defendant's Proposed Jury Instructions: | 09/30/2026 |
| Defendant's Trial Brief: | 09/30/2026 |
| Defendant's Exhibit List: | 09/30/2026 |
| Defendant's Witness List: | 09/30/2026 |

| | |
|---|---|
| Government's response to Defendant's motions *in limine*: | 10/07/2026 |
| Government's Optional Supplemental Jury Instructions: | 10/07/2026 |
| Government's Optional Supplemental Trial Brief: | 10/07/2026 |

Dated this 25th day of August, 2026.

David G. Estudillo
United States District Judge